## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                           CASE NO.: 8:18-bk-00212-CPM
                                                                    CHAPTER 7

**DAVID LEE HELMS,**

     **Debtor.**

_____/

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### (*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

     Secured Creditor, PNC Bank, National Association, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

    1.   Debtor(s), David Lee Helms, filed a voluntary petition pursuant to Chapter 7 of the

United States Bankruptcy Code on January 12, 2018.

2.  Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C.

§ 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes

affecting the jurisdiction of the Bankruptcy Courts generally.

3.  Secured Creditor filed a foreclosure complaint against the Debtor(s) on December 10,

2013 in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Case Number:

13-011361-CI, due to the default under the terms of the Note and Mortgage securing Secured

Creditor's interest in certain real property legally described as:

LOT 15 AND 16, BLOCK 16, REVISED MAP OF SOUTH DAVISTA, ACCORDING TO THE
PLAT THEREOF AS RECORDED IN PLAT 4, PAGE 73, OF THE PUBLIC RECORDS OF
PINELLAS COUNTY, FLORIDA.

This property is located at the street address of: 325 71st St South, St Petersburg, Florida 33707.

4.  A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) June

20, 2017 in the amount of $2,856,668.37. A true and accurate copy of the Judgment attached

hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

5.  The appraised value of the property is $1,250,000.00.  See Exhibit "B" which is attached

hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

6.  Based upon the Debtor(s)' schedules, the property is surrendered and claimed as exempt.

The Trustee has not abandoned the property.

7.  Secured Creditor's security interest in the subject property is being significantly

jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while

Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

8.  If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

9.  Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral.  The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

10. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion.  See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on February 13, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

David Lee Helms
325 71st Street S
Saint Petersburg, FL 33707

Jesse D Berkowitz
Berkowitz and Myer
4900 Central Ave
St. Petersburg, FL 33707

Carolyn R. Chaney
PO Box 530248
St. Petersburg, FL 33747

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ Bouavone Amphone
Bouavone Amphone, Esquire
Florida Bar Number 20644
Email: bamphone@rasflaw.com

**EXHIBIT "A"**

IN THE CIRCUIT COURT FOR THE SIXTH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

PNC BANK, NATIONAL ASSOCIATION,
    Plaintiff,

vs.

DAVID HELMS A/K/A DAVID L. HELMS;
ROBIN A. HELMS A/K/A ROBIN HELMS;
JOSEPH M. BEARSON; UNITED STATES
OF AMERICA; CITY OF ST. PETE BEACH
A/K/A CITY OF ST. PETERSBURG BEACH,
FLORIDA; PNC BANK, NATIONAL
ASSOCIATION SUCCESSOR BY MERGER
TO NATIONAL CITY BANK; ANY AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN
TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
    Defendant(s).

_____/

REF #: 13-011361-CI
UCN:



## UNIFORM FINAL JUDGMENT OF FORECLOSURE

    **THIS MATTER** was tried before the Court at the Non-Jury Trial of Plaintiff, PNC
BANK, NATIONAL ASSOCIATION, on June 20, 2017. After consideration of all evidence
presented, this Court rules as follows:

**IT IS ADJUDGED** that:

1.   Plaintiff has submitted a Certificate of Compliance with Foreclosure Procedures in
compliance with Administrate Order 2015-043 or any subsequent Administrative Order.

2.   VALUE OF CLAIM: At the initiation of this action, in accordance with section
28.241(1)(a)2.b., Florida Statutes, Plaintiff estimated the amount in controversy of the claim
to be $1,950,000.00. In accordance with section 28.241(1)(a)2.c., Florida Statutes, the Court
identifies the actual value of the claim to be $2,855,593.37, as set forth below. For any
difference between the estimated amount in controversy and the actual value of the claim that
requires the filing fee to be adjusted, the Clerk shall adjust the filing fee. In determining
whether the filing fee needs to be adjusted, the following graduated filing fee scale in section
28.241(1)(a)2.d., Florida Statutes, controls:

| $400 | Value of claim less than or equal to $50,000 with 5 defendants or less |
| $905 | Value of claim greater than $50,000 but less than $250,000 with 5 defendants or less |
| $1,905 | Value of claim $250,000 or greater with 5 defendants or less |

If an excess filing fee was paid, the Clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the Plaintiff shall pay the additional fee at least 24 hours prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the Clerk shall cancel the judicial sale without further order of the Court.

3.  The following amounts are due and owed to the Plaintiff:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $1,950,000.00 |
| Interest on the note and mortgage from March 1, 2010 to June 20, 2017 | $468,265.55 |
| Escrow Advance | $408,704.44 |
| Late Charges | $791.58 |
| Vacant Property Registration | $890.00 |
| Sheriff Costs | $1,721.00 |
| Brokers Price Opinion | $100.00 |
| Inspections | $1,009.50 |
| Title Charges | $90.00 |
| Court Costs: | |
|    Filing Fee: | $2,070.30 |
|    Service of Process: | $660.00 |
| SUBTOTAL | $2,834,302.37 |
| Additional Costs | $426.00 |
|    Publication Cost- Notice of Action: $125.00 | |
|    Court Reporting Cost: $95.00 | |
|    Filing Cost- Motion for Relief: $176.00 | |
|    Court Cost- Telephonic Hearing: $30.00 | |
| SUBTOTAL | $2,834,728.37 |
| Attorneys' fees based upon 86 hours at $215.00 per hour | $18,490.00 |
| Flat Fee: $3,450.00 | |
| **TOTAL SUM** | **$2,856,668.37** |

*[handwritten: $8,745.05 per Judge]*

4.  The total sum in paragraph 3 will bear interest at the prevailing statutory interest rate of ~~5.05~~ percent per year from this date through December 31 of this current year. Thereafter, on January 1 of each succeeding year until the judgment is paid, the interest rate will adjust annually in accordance with section 55.03(3), Florida Statutes.

5.  Plaintiff, whose address is 3232 Newmark Drive, Miamisburg, OH 45342, holds a lien for the total sum specified in paragraph 3 herein. The lien of the Plaintiff is superior in dignity to all rights, titles, interests, or claims of the Defendant(s) and all persons, corporations, or other

entities claiming by, through, or under the Defendant(s), or any of them and the property will be sold free and clear of all claims of Defendant(s), with the exception of any assessments that are superior pursuant to sections 718.116 and 720.3085, Florida Statutes. The Plaintiff lien encumbers the subject property located in Pinellas County, Florida, and described as:

**LOTS 15 AND 16, BLOCK 52, REVISED MAP OF SOUTH DAVISTA, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 4, PAGE 73, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.**

**Property Address: 325 71ST ST S, ST PETERSBURG, FL 33707**

6. If the total sum with interest at the rate described in paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of Circuit Court shall sell the subject property at public sale on ___October 12, 2017___ to the highest bidder for cash, except as prescribed in Paragraph 7, in the following location:

☒ In an online sale at www.pinellas.realforeclose.com, beginning at 10 a.m. on the Prescribed date

after having first given notice as required by section 45.031, Florida Statutes. Plaintiff must arrange for publication of notice of sale in accordance with chapters 45 and 702, Florida Statutes. The Plaintiff must file the original Notice of Sale and Affidavit of Proof of Publication with the Clerk no later than 24 hours prior to the sale.

The sale date set by the judgment can only be canceled and rescheduled by court order. Any motion or request to cancel this sale must be served on all parties in conformity with Florida Rule of Civil Procedure 1.080(a) and must be set for hearing with proper notice. Claiming this matter is an "emergency" does not avoid this requirement. A violation of any party's due process rights will subject the movant and/or counsel to sanctions. See Jade Winds v. Citibank, 63 So. 3d 819 (3d DCA 2011).

If a Plaintiff wishes to cancel a sale, a written motion must be filed with the Court in substantial compliance with Florida Rules of Civil Procedure Form 1.996(c). The motion also must state the number of times the Plaintiff has previously requested the cancelation of a sale and must include an affidavit with supporting grounds for the motion. Any proposed order prepared to cancel the sale must also include a date to reschedule the sale.

7. Plaintiff shall advance all subsequent required costs of this action. Except for the fee to the Clerk as provided in section §45.035, Florida Statutes, and publishing costs supported by an affidavit, reimbursement or credit for such costs shall be by court order based upon a written motion and adjudication at a hearing with notice. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.

8. If the Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 6, Plaintiff may, by written motion served on all

13-12006 - DaW

parties and adjudication at a hearing with notice, seek to amend this final judgment to include said additional expenses.

9.  Only the judgment owner will be allowed to credit bid. An assignment of the final judgment of foreclosure filed with the Clerk of the Circuit Court prior to the public sale will effectively transfer with it the right to credit bid at the sale. Court approval of the assignment of the final judgment is not required.

The filing of a Certificate of Sale by the Clerk gives certain property rights to the highest bidder. In order to assign those rights and have the Certificate of Title issued to a third party, the highest bidder must file a written conveyance made in accordance with section 689.01 or section 692.01, Florida Statutes, governing real estate transfers. Such conveyance must be filed with the Clerk prior to the issuance of the Certificate of Title. Neither the Court nor the Clerk will change a Certificate of Title based upon a conveyance filed after the Certificate of Title has been issued.

10. On the filing of the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate, unless the property is purchased by a third party bidder; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 4 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

11. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. On filing of the Certificate of Sale, Defendant's right of redemption as provided by section 45.0315, Florida Statutes shall be terminated.

12. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $3450.00 is reasonable and appropriate for the Plaintiff's counsel's attorney's fees. Furthermore, the Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 86.00 hours were reasonably expended by Plaintiff's counsel and that and hourly rate of $215.00 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFF. The Court finds that there are no reasons for either reduction or enhancement pursuant to *Florida Patient's Compensation Funds v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 3 of this Judgment.

13. IMPORTANT INFORMATION PROVIDED pursuant to section 45.031, Florida Statutes:

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

13-12006 - DaW

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT A LEGAL SERVICES OFFICE, SUCH AS: GULFCOAST LEGAL SERVICES, INC., 314 S. MISSOURI AVE., SUITE 109, CLEARWATER, FL 33756, (727) 443-0657 / COMMUNITY LAW PROGRAM, 501 FIRST AVE N., ROOM 519, ST. PETERSBURG, FL 33701, (727) 582-7480 / BAY AREA LEGAL SERVICE, INC., 4948 CENTRAL AVE., ST. PETERSBURG, FL 33707, (800) 625-2257 / BAY AREA LEGAL SERVICE, INC., 37718 MERIDIAN AVENUE, DADE CITY, FL 33532 (800) 625-2257 / BAY AREA LEGAL SERVICE, INC., 8406 MASSACHUSETTS AVE, STE B-2, NEW PORT RICHEY, FL 34653, (800) 625-2257 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST ANOTHER OPTION. IF YOU CHOOSE TO CONTACT ONE OF THESE SERVICES FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

14. Upon issuance of the Certificate of Title the new owner/titleholder shall be let into possession of the property. Because of the provisions of section 83.561, Florida Statutes, the Clerk shall decline issuance of a Writ of Possession without a Court order. By using the procedures and forms found in Administrative Order 2015-043 the new owner/titleholder may obtain such an order.

15. If the tenant fails to vacate the premises in accordance with the Notice of Termination, the titleholder may apply to the Court for a writ of possession by filing and serving an application in the form of a sworn affidavit pursuant to section 83.561(2), Florida Statutes.

16. Alternatively, if the titleholder takes title to a residential property occupied by a tenant meeting an exception in section 83.561(3), Florida Statutes, the titleholder may immediately apply to the Court for a writ of possession by filing and serving a sworn affidavit demonstrating the tenant meets one of the exceptions listed in the statute.

17. Upon review of an application for writ of possession under section 83.561(2) or section 83.561(3), Florida Statutes, the Court may enter an order directing the Clerk to issue a writ of possession pursuant to section 83.62, Florida Statutes.

18. The Court retains jurisdiction of this action to enter further Orders that are proper, including without limitation, Orders authorizing writs of possession and an award of attorney's fees, and to enter a deficiency judgment **(if sought and if appropriate)** if the Defendant has not been discharged in bankruptcy. **Judgment is further reserved as to orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.**

19. **The United States of America shall have the right of redemption provided by 28 U.S.C. §2410(c) and, if it is the successful bidder at the foreclosure sale, it shall be allowed**

13-12006 - DaW

thirty (30) days to deliver a Treasury check to the Clerk of Court in payment of the amount of its bid. Further, the deposit required by Florida Statutes 45.021(2) shall be waived.

20. This Court has determined that the legal description contained within the Mortgage given by DAVID HELMS A/K/A DAVID L. HELMS; ROBIN A. HELMS A/K/A ROBIN HELMS, to the payee named thereon executed on May 24, 2007, and recorded in Official Records Book 15810 at Page 368 of the Public Records of Pinellas County, Florida was incorrect. The legal description of said Mortgage shall hereby be reformed to reflect the correct legal description, and shall hereafter be referred to by the following legal description:

**LOTS 15 AND 16, BLOCK 52, REVISED MAP OF SOUTH DAVISTA, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 4, PAGE 73, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.**

21. This Court has determined that the legal description contained within the Deed given by JOSEPH M. BEARSON, to the payee named thereon executed on May 24, 2007, and recorded in Official Records Book 15810 at Page 366 of the Public Records of Pinellas County, Florida was incorrect. The legal description of said Deed shall hereby be reformed to reflect the correct legal description, and shall hereafter be referred to by the following legal description:

**LOTS 15 AND 16, BLOCK 52, REVISED MAP OF SOUTH DAVISTA, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 4, PAGE 73, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.**

22. Due to a non-reaffirmed debt in Bankruptcy, Plaintiff will not seek a deficiency.

**DONE AND ORDERED** at St. Petersburg, PINELLAS County, Florida on this _20_ day of ___June___, 20_17_.

_____
CIRCUIT JUDGE

Copies furnished to:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: MAIL@RASFLAW.COM

13-12006 - DaW

WEIDNER LAW, P.A.
MATTHEW D WEIDNER, ESQ.
ATTORNEY FOR DAVID HELMS A/K/A DAVID L. HELMS
250 MIRROR LAKE DRIVE NORTH
ST PETERSBURG, FL 33701
PRIMARY EMAIL: SERVICE@MATTWEIDNERLAW.COM

ROBIN A. HELMS A/K/A ROBIN HELMS
325 71ST ST S
ST PETERSBURG, FL 33707

GAY AND GORDON ATTORNEYS, P.A.
SEYMOUR A. GORDON, ESQ.
ATTORNEY FOR JOSEPH M. BEARSON
699 1ST AVE N
PO BOX 265
ST. PETERSBURG, FL 33731
PRIMARY EMAIL: SYGO96@AOL.COM

UNITED STATES OF AMERICA
400 N. TAMPA ST., SUITE 3200
TAMPA, FL 33602

CITY OF ST. PETE BEACH A/K/A CITY OF ST. PETERSBURG BEACH, FLORIDA
155 COREY AVENUE
ST. PETE BEACH, FL 33706

PNC BANK, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO NATIONAL
CITY BANK
222 DELAWARE AVE
WILMINGTON, DE 19899

13-12006 - DaW

**EXHIBIT "B"**

**MCS VALUATIONS**

| INSPECTION DATE 12/4/2017 | SERVICER LOAN NO. | SERVICER TRACKING NO. | | ORDER NO. |
|---|---|---|---|---|

| SERVICE REQUESTED FHLMC 1092 BPO (NEW) Standard Exterior | SERVICE PROVIDED Exterior | MLS PHOTOS AVAILABLE Yes | SERVICER DEPT |
|---|---|---|---|

| FLORIDA INTERNATIONAL RESORTS REALTY | BROKER/PHONE CHRISTOPHER KOWALSKI    (727)410-2812 |
|---|---|

| DISCLOSURE **See Disclosure Addendum** |
|---|

| QUALITY REVIEW REMARKS | Due to the lack of similar size and age non waterfront comps, it was necessary to expand the search for comps through out Pinellas county and up to 1 year back for sold comps.  Valued on the lower end of the range since the subject is not located on a golf course like many of the available comps. |
|---|---|

## SUBJECT PROPERTY DESCRIPTION

| NAME - | ADDRESS 325 71ST ST S | | UNIT NO. |
|---|---|---|---|

| CITY ST PETERSBURG | COUNTY Pinellas | STATE FL | ZIP 33707 |
|---|---|---|---|

| CURRENTLY LISTED? No | LISTING BROKER/PHONE | APN 19-31-16-84186-052-0150 | MOBILE/MANUF VIN/SN (If Applicable) |
|---|---|---|---|

| PROPERTY TYPE SFD | HOMEOWNERS ASSOC FEE PER MONTH (IF APPLICABLE) $ | OCCUPANT Owner Occupied |
|---|---|---|

### ESTIMATE OF REPAIRS NEEDED FOR SUBJECT PROPERTY (FOR MARKETABLE AVERAGE CONDITION)?

| INTERIOR REPAIRS | EXTERIOR REPAIRS | |
|---|---|---|
| CLEANING $ | DEBRIS REMOVAL $ 0 | None |
| STRUCTURE $ | SIDING/PAINT $ 0 | None |
| PAINT $ | STRUCTURAL $ 0 | None |
| CARPETS/FLOORING $ | ROOF $ 0 | None |
| KITCHEN/APPLIANCES $ | WINDOWS $ 0 | None |
| BATHROOMS $ | LANDSCAPING $ 0 | None |
| UTILITIES $ | OUTBUILDINGS $ 0 | None |
| OTHER $ | OTHER $ 0 | None |
| COMMENTS | COMMENTS  No repairs are recommended. | |

**REPAIR TOTALS $** 0

| OVERALL PROPERTY CONDITION Good | ANY ITEMS REQUIRING IMMEDIATE ATTENTION? No |
|---|---|

| TITLE/LEGAL ISSUES No | ENVIRONMENTAL ISSUES AFFECTING THE PRICE OF THE PROPERTY? No |
|---|---|

IF YES TO ANY OF THE ABOVE, PLEASE EXPLAIN -- GIVE GOOD/BAD PROPERTY COMMENTS BELOW

INTERIOR

EXTERIOR   Good condition - attached garage - in ground pool - centrally located. The subject is a much larger home than most in the area. The subject also has a detached garage.

## TYPICAL INSPECTIONS

| TERMITE Yes | WELL/SEPTIC No | HEATING No | ENGINEER No | STRUCTURAL No | ROOF Yes | OTHER |
|---|---|---|---|---|---|---|

## NEIGHBORHOOD

| PROPERTY PRICE Stable | PREDOMINANT OCCUPANCY Owner | AVG DOM MARKETING TIME LISTINGS: 52      SOLDS: 47 | VACANCY RATE 0 to 5% |
|---|---|---|---|

| EMPLOYMENT CONDITIONS Stable | MARKET CONDITIONS Stable | REO/BOARDED 0 to 5% | VANDALISM RISK Minimal |
|---|---|---|---|

| NEIGHBORHOOD ACTIVE LISTINGS 61 | HOMES IN THIS AREA RANGE FROM $ 165,000            TO $ 2,499,000 | |
|---|---|---|

| COMMENTS  The subject property is located in a neighborhood with mostly much smaller homes and is centrally located close to shopping, schools and the Gulf of Mexico beaches. Values in the area have been remaining stable. |
|---|

## PRICE ESTIMATION

| | 0 TO 90 DAYS | | 90 TO 120 DAYS | | 120 TO 180 DAYS | |
|---|---|---|---|---|---|---|
| | PRICE | SUGGESTED LIST | PRICE | SUGGESTED LIST | PRICE | SUGGESTED LIST |
| AS-IS | $ 1,200,000 | $ 1,250,000 | $ 1,225,000 | $ 1,275,000 | $ 1,250,000 | $ 1,300,000 |
| AS-REPAIRED | $ 1,200,000 | $ 1,250,000 | $ 1,225,000 | $ 1,275,000 | $ 1,250,000 | $ 1,300,000 |

PROPERTY SHOULD BE LISTED: As-Is

| LAST SALE DATE (IF SOLD IN LAST 12 MOS) | LAST SALE AMOUNT (IF SOLD IN LAST 12 MOS) $ | LAND PRICE $ 333,000 |
|---|---|---|

COMMENTS (DESCRIBE YOUR REASONS FOR RECOMMENDING THAT THE HOME BE SOLD "AS-IS" OR "AS-REPAIRED")

AS-IS:       No repairs are recommended.

AS-REPAIRED:  None.

PLEASE PROJECT THE CLOSING COSTS AND SALES PRICE PER YOUR RECOMMENDED STRATEGY:

| COMMISSION PERCENT | COMMISSION AMOUNT | TITLE INSURANCE | LEGAL/ESCROW | RECORDING/TRANSFER | PROPERTY TAXES | ASSESSMENTS |
|---|---|---|---|---|---|---|
| 6 % | $ 72,000 | $ | $ | $ | $ 23,705 | $ |

(PAGE TWO OF TWO) SERVICER ACCT NO.                                12/4/2017                                                    8904246

## COMPETITIVE LISTINGS (USE MOST COMPARABLE)

| DESCRIPTION | SUBJECT | COMP ONE | | COMP TWO | | COMP THREE | |
|---|---|---|---|---|---|---|---|
| ADDRESS | 325 71ST ST S | 5029 Muellers Ln | | 316 Signature Ter | | 6226 Fairway Bay Blvd S | |
| CITY | ST PETERSBURG | Safety Harbor | | Safety Harbor | | St Petersburg | |
| PROXIMITY TO SUBJ | NA | 18 MILES | | 17.24 MILES | | 1.40 MILES | |
| CURR LIST PRICE | $ | $ 1,100,000 | | $ 1,290,000 | | $ 1,575,000 | |
| CURR LIST DATE (IF AVAIL) | DOM | 10/31/2017 | DOM 36 | 06/01/2017 | DOM 188 | 10/16/2016 | DOM 416 |
| ORIG LIST PRICE (IF AVAIL) | $ | $ 1,100,000 | | $ 1,450,000 | | $ 1,699,000 | |
| ORIG LIST DATE (IF AVAIL) | | 10/31/2017 | | 06/01/2017 | | 10/16/2016 | |
| DESCRIPTION | SUBJECT | COMP ONE | ADJ | COMP TWO | ADJ | COMP THREE | ADJ |
| ABOVE GRADE ROOM COUNT (TOTAL/BDRMS/BATHS) ABOVE GROUND AREA | TOT/BR/BA 10  6    8.0  UP SQFT  MAIN SQFT 6,861  BSMT SQFT        %FIN  GLA SQFT 6,861 | TOT/BR/BA 9   5   4.0  UP SQFT  MAIN SQFT 6,430  BSMT SQFT        %FIN  GLA SQFT 6,430 | E | TOT/BR/BA 10  6   5.5  UP SQFT  MAIN SQFT 6,114  BSMT SQFT        %FIN  GLA SQFT 6,114 | I | TOT/BR/BA 11  7   5.5  UP SQFT  MAIN SQFT 6,852  BSMT SQFT        %FIN  GLA SQFT 6,852 | E |
| LOCATION | Suburb | Suburb | E | Suburb | E | Suburb | E |
| SIZE/LOT SIZE | 0.65 | 0.80 | S | 0.96 | S | 0.48 | I |
| PROPERTY TYPE/STYLE | SFD Contemp | SFD Contemp | E | SFD Contemp | E | SFD Contemp | E |
| AGE | 9 | 28 | I | 18 | I | 25 | I |
| OVERALL CONDITION | Good | Good | E | Good | E | Good | E |
| GARAGE/CARPORT | 3 CAR  Gar Det | 3 CAR  Gar Att | E | 3 CAR  Gar Att | E | 3 CAR  Gar Att | S |
| EXTERIOR IMPROVEMENTS PORCH/DECK/FENCE/ETC | Patio POOL In-Ground | Patio POOL In-Ground | E | Patio POOL In-Ground | E | Patio POOL In-Ground | E |
| OVERALL RATING/EST VALUE OF ALL ADJUSTMENTS | (Indicate plus or minus.) | + $ 0 | E | + $ 0 | E | + $ 0 | E |
| PROPERTY MOST COMPARABLE TO SUBJECT:  Comp 1 | | | | | | | |
| COMMENTS (EXPLAIN WHY PROPERTY IS MOST COMPARABLE) | | | | | | | |

COMP ONE:    Comp is the most similar to the subjects square footage, lot size and location.

COMP TWO:    Comp is a similar size home located in a similar area.

COMP THREE:    Comp is a similar size home but is in a gated gold course community - superior.

## CLOSED SALES (USE MOST COMPARABLE)

| DESCRIPTION | SUBJECT | COMP ONE | | COMP TWO | | COMP THREE | |
|---|---|---|---|---|---|---|---|
| ADDRESS | 325 71ST ST S | 7347 Sawgrass Point Dr N | | 12983 74th Ave N | | 1135 Skye Ln | |
| CITY | ST PETERSBURG | Pinellas Park | | Seminole | | Palm Harbor | |
| PROXIMITY TO SUBJ | NA | 6.24 MILES | | 7.10 MILES | | 23.31 MILES | |
| ORIG LIST PRICE (IF AVAIL) | $ | $ 1,599,000 | | $ 2,250,000 | | $ 1,835,000 | |
| LIST PRICE WHEN SOLD | $ | $ 1,499,000 | | $ 1795000 | | $ 1,599,900 | |
| SALES PRICE | $ | $ 1,025,000 | | $ 1,450,000 | | $ 1,450,000 | |
| SALES DATE | DOM | 12/21/2016 | DOM 290 | 01/27/2016 | DOM 550 | 01/18/2016 | DOM 307 |
| DESCRIPTION | SUBJECT | COMP ONE | ADJ | COMP TWO | ADJ | COMP THREE | ADJ |
| ABOVE GRADE ROOM COUNT ABOVE GROUND AREA | TOT/BR/BA 10  6    8.0  UP SQFT  MAIN SQFT 6,861  BSMT SQFT        %FIN  GLA SQFT 6,861 | TOT/BR/BA 8   4   3.5  UP SQFT  MAIN SQFT 6,311  BSMT SQFT        %FIN  GLA SQFT 6,311 | I | TOT/BR/BA 8   4   5.5  UP SQFT  MAIN SQFT 6,299  BSMT SQFT        %FIN  GLA SQFT 6,299 | I | TOT/BR/BA 9   5   6.5  UP SQFT  MAIN SQFT 6,908  BSMT SQFT        %FIN  GLA SQFT 6,908 | E |
| LOCATION | Suburb | Suburb | E | Suburb | E | Suburb | E |
| SIZE/LOT SIZE | 0.65 | 0.38 | I | 2.41 | S | 0.46 | I |
| PROPERTY TYPE/STYLE | SFD Contemp | SFD Contemp | E | SFD Contemp | E | SFD Contemp | E |
| AGE | 9 | 20 | I | 7 | E | 16 | I |
| OVERALL CONDITION | Good | Good | E | Good | E | Good | E |
| GARAGE/CARPORT | 3 CAR  Gar Det | 3 CAR  Gar Att | E | 3 CAR  Gar Att | E | 3 CAR  Gar Att | E |
| EXTERIOR IMPROVEMENTS PORCH/DECK/FENCE/ETC | Patio POOL In-Ground | Patio POOL In-Ground | E | Patio POOL None | E | Patio POOL In-Ground | E |
| OVERALL RATING/EST VALUE OF ALL ADJUSTMENTS | (Indicate plus or minus.) | + $ 0 | E | + $ 0 | E | + $ 0 | E |
| PROPERTY MOST COMPARABLE TO SUBJECT:  Comp 1 | | | | | | | |
| COMMENTS (EXPLAIN WHY PROPERTY IS MOST COMPARABLE) | | | | | | | |

COMP ONE:    Comp is a similar size home located in a similar market area.

COMP TWO:    Comp is a similar home situated on a much larger lot - superior.

COMP THREE:    Comp is a similar size home located in a gated golf course community - superior.

Disclosure Addendum

This disclosure addendum, dated  12/06/2017, is incorporated into this  BPO Reference #8904246 of the same date and supplements the same as follows:

Disclosure      This is a comparative market analysis and not an appraisal. It was prepared by a licensed real estate broker, associate broker or salesperson, not a licensed appraiser.

To Consumers and Other Recipients: This Broker Price Opinion (ôBPOö) is intended for use by the order party and any other contractually permitted parties.With the exception of the party that ordered the BPO and any other contractually permitted parties, no party receiving a copy of the BPO, including the homeowner, may rely on any of the information contained in the BPO. MCS Valuations shall have no liability to any non-customer party receiving a copy the BPO for any claims related to any information included in the BPO. If you are a third party recipient of the BPO and have any questions about it or the information contained in it, please contact the party that ordered the BPO. Consumers who receive the BPO in connection with a mortgage loan application should contact their lender with any questions.

**Intended Use**
The intended purpose of this report is to assist with mortgage due diligence and decision-making processes.



Photos

| ACCOUNT NUMBER | TRACKING NUMBER | | MCS Valuations ORDER. |
|---|---|---|---|
| NAME<br>- | ADDRESS<br>325 71ST ST S | CITY, STATE, ZIP<br>ST PETERSBURG, FL  33707 | |
| PHOTOS COMMENT | | | |

Subject Front



Subject Front



Subject Side





Photos

| ACCOUNT NUMBER | TRACKING NUMBER | | MCS Valuations ORDER. |
|---|---|---|---|
| NAME | ADDRESS | CITY, STATE, ZIP | |
| - | 325 71ST ST S | ST PETERSBURG, FL  33707 | |
| PHOTOS COMMENT | | | |

Subject Side



Subject House Number



Street View



Account #:                    Tracking #:

 **MCS VALUATIONS**

Photos

| ACCOUNT NUMBER | TRACKING NUMBER | | MCS Valuations ORDER. |
|---|---|---|---|
| NAME<br>- | ADDRESS<br>325 71ST ST S | CITY, STATE, ZIP<br>ST PETERSBURG, FL  33707 | |
| PHOTOS COMMENT | | | |

Listing 1 (5029 Muellers Ln)



Listing 2 (316 Signature Ter)



Listing 3 (6226 Fairway Bay Blvd S)



Account #:          Tracking #:

# MCS VALUATIONS

Photos

| ACCOUNT NUMBER | TRACKING NUMBER | | MCS Valuations ORDER. |
|---|---|---|---|
| NAME – | ADDRESS 325 71ST ST S | CITY, STATE, ZIP ST PETERSBURG, FL 33707 | |
| PHOTOS COMMENT | | | |

Sold 1 (7347 Sawgrass Point Dr N)



Sold 2 (12983 74th Ave N)



Sold 2 (12983 74th Ave N)



Account #:          Tracking #:



Photos

| ACCOUNT NUMBER | TRACKING NUMBER | | MCS Valuations ORDER. |
|---|---|---|---|
| NAME<br>- | ADDRESS<br>325 71ST ST S | | CITY, STATE, ZIP<br>ST PETERSBURG, FL  33707 |
| PHOTOS COMMENT | | | |

Sold 3 (1135 Skye Ln)





Map

Aerial View





Map

| ACCOUNT NUMBER | TRACKING NUMBER | MSC Valuations ORDER NO |
|---|---|---|
| NAME | ADDRESS 325 71ST ST S | CITY,STATE,ZIP ST PETERSBURG, FL 33707 |

Road Map View



🚩 **Subject Property**

325 71ST ST S
ST PETERSBURG, FL 33707

❶ **Comp. Listing 1**
  5029 Muellers Ln
  Safety Harbor, FL 34695
  Dist From Subject: 18 Miles

❷ **Comp. Listing 2**
  316 Signature Ter
  Safety Harbor, FL 34695
  Dist From Subject: 17.24 Miles

❸ **Comp. Listing 3**
  6226 Fairway Bay Blvd S
  St Petersburg, FL 33707
  Dist From Subject: 1.40 Miles

➊ **Closed Sale 1**
  7347 Sawgrass Point Dr N
  Pinellas Park, FL 33782
  Dist From Subject: 6.24 Miles

➋ **Closed Sale 2**
  12983 74th Ave N
  Seminole, FL 33776
  Dist From Subject: 7.10 Miles

➌ **Closed Sale 3**
  1135 Skye Ln
  Palm Harbor, FL 34683
  Dist From Subject: 23.31 Miles

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                        CASE NO.: 8:18-bk-00212-CPM
                                                                                                    CHAPTER 7

DAVID LEE HELMS,

     **Debtor.**

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on PNC Bank, National Association's ("Secured Creditor") Motion for Relief from Stay (Docket No. ==##==).   No appropriate response has been filed in accordance with Local Rule 2002-4.  Accordingly, it is:

    **ORDERED:**

1.  Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2.  The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 325 71st St South, St Petersburg, Florida 33707 in Pinellas County, Florida, and legally described as:

LOT 15 AND 16, BLOCK 16, REVISED MAP OF SOUTH DAVISTA, ACCORDING TO THE

1

PLAT THEREOF AS RECORDED IN PLAT 4, PAGE 73, OF THE PUBLIC RECORDS OF
PINELLAS COUNTY, FLORIDA.

3.   The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured

Creditor to exercise any and all *in rem* remedies against the property described above. Secured

Creditor shall not seek an *in personam* judgment against Debtor(s).

4.   Secured Creditor is further granted relief in order to contact the Debtor(s) by written

correspondence in order to discuss the possibility of a forbearance agreement, loan modification,

refinance agreement or loan workout/loss mitigation agreement.

5.   This Court makes no determination that the Debtor has defaulted on the underlying

obligation.

6.   The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy

Rule 4001(a)(3) is granted.

7.   Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded

for the prosecution of this Motion for Relief from Stay, but are not recoverable from the

Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Bouavone Amphone, is directed to serve a copy of this order on interested parties and
file a proof of service within 3 days of entry of the order.

2